SANDERS, Justice
(dissenting).
Under consideration here is the validity of two testamentary trusts. The disposition of the case is of unusual significance, because it tests for the first time the viability of the Louisiana Trust Code of 1964 when assaulted with an ancient weapon, the prohibition against substitutions. In nullifying the trusts, the majority has given no recognition to the changes in the law produced by the Louisiana Trust Code. Because of the failure of the majority to give effect to these legislative changes, I record my dissent.
Mrs. Gredler died on March 15, 1965, leaving an olographic will, providing :
“I do hereby give and bequeath to the said Thomas Crichton jr. as trustee for the benefit of his two sons, my nephews, Thomas Crichton third, and John H. Crichton, all the rest, residue and remainder of my property, both real and personal, except my residence with contents therein, located on Creton Lake Road in the town of Bedford, County of Westchester, State of New York, and except also all moneys now to the credit of my account in the First National City Bank of New York (Mt. Kisco branch); shall thereafter be held in an undivided one-half interest in each of the aforementioned two trusts, each trust created and named for its above named beneficiary, and both trusts shall be Louisiana trusts, administered in the State of Louisiana, in accordance with the laws of Louisiana — I appoint Thomas Crichton .jr., my brother, Trustee of each of above .named trusts. In the event that Thomas Crichton jr. should die, become incapacitated or refuse to act, prior to 'the termination of these trusts, then the First National Bank of Shreveport, Louisiana, shall become Trustee. The Trustee, Thomas Crichton jr., shall have full powers to sell, mortgage, or lease all *175 property, and otherwise manage all trust property with the same control and freedom as though Trustee owned said property personally.”
The will further stipulates that, if either Thomas Crichton, III, or John Hayes Crichton, the beneficiaries, are not living when the trust terminates, the trustee shall deliver both income and principal to an alternate beneficiary under the following instructions :
“In the event that either beneficiary, Thomas Crichton third or John Hayes Crichton be not living when this trust is terminated, both income and corpus of such said trust shall be paid over or conveyed by Trustee to the child or children of said deceased beneficiary in equal, undivided portions. In event that neither a beneficiary nor his child or children are living upon the termination of this trust, then said income and corpus shall be paid over or conveyed by the Trustee to the other trust beneficiary or, if he be not living, then to his child or children in equal or undivided portions. In the event that neither beneficiary, no any of their children be living upon termination of these trusts, as above herein set forth, then the income and corpus of these trusts shall be paid over or conveyed to those children of my deceased brother, Powell Crichton; namely, Powell Crich ton jr., Kate Crichton, Edward B. Crichton and Gloria Crichton McGehee in equal or undivided portions.”
After the will was probated and legatees sent into possession, Powell Crichton, Jr., and Gloria Crichton, a nephew and niece of the testatrix, brought this suit to nullify the will, primarily on the ground that the alternate beneficiary clause was a substitution prohibited by the constitution and laws of Louisiana. They seek to have the estate settled as an intestate succession.
Since Mrs. Gredler died after the effective date of the Louisiana Trust Code, the majority correctly holds that the Code applies to these trusts. See Succession of Simms, 250 La. 177, 195 So.2d 114 (1965). The parties concede that the Code applies.
The Louisiana Trust Code was prepared by the Louisiana State Law Institute, the official state law revision agency, at the direction of the Louisiana State Legislature.[1] It was designed to make available in Louisiana a variety of estate planning advantages. Oppenheim, Trust Code: Introductory Comments, 3A L.S.A. p. XXVII.
In 1962, prior to the adoption of the Code, the Legislature amended the Louisiana Constitution[2] to provide that trusts may contain substitutions to the extent authorized by the Legislature. The Legislature also amended Article 1520 of the *177 Louisiana Civil Code to make substitutions in trusts an exception to the prohibition of that article.[3] The Louisiana Trust Code elaborated in several related provisions.
LSA-R.S. 9 :1723 provides:
“A disposition authorized by this Code may be made in trust although it would contain a prohibited substitution if it were made free of trust.” [4] LSA-R.S. 9:1724 provides:
“The provisions of this Code shall be accorded a liberal construction in favor of freedom of disposition. Whenever this Code is silent, resort shall be had to the Civil Code or other laws, but neither the Civil Code nor any other law shall be invoked to defeat a disposition sanctioned expressly or impliedly by this Code.”
The purpose of these sections was to establish a new approach to trusts. In testing validity, the pivotal question is whether the trust dispositions are covered by the Louisiana Trust Code. If they are, the substitution concept is irrelevant by both constitutional and codal provision. The Court must accord to the Code a liberal construction in favor of freedom of disposition. If it can reasonably do so, the Court should construe the trust instrument so as to maintain its validity. LSA-R.S. 9:1753; St. Charles Land Trust, Achille Guibet v. St. Amant, 253 La. 243, 217 So.2d 385 (1968); Lelong v. Succession of Lelong, La.App., 164 So.2d 671 (1964).
With this approach in mind, I examine the disputed instrument. The will creates two trusts, each comprising one-half of the estate. It designates Thomas Crichton, Jr., the testatrix’s brother, as trustee of both trusts. A nephew, Thomas Crichton, III, is named income and principal beneficiary of one trust; another nephew, John H. Crichton, is named income and principal beneficiary of the other. The will fixes no term for the trusts.
In the contested clause, the will provides that if either beneficiary is not living when his trust terminates, then both income and principal shall be delivered to one of the following alternate beneficiaries:
(1) The children of the deceased beneficiary;
(2) If no children survive, then the other trust beneficiary;
(3) If the second trust beneficiary does not survive, then his children;
(4) If no children of the second beneficiary survive, then the following nephews and nieces in equal proportions : Powell Crichton, Jr., Kate Crichton, Edward B. Crichton, and Gloria Crichton McGehee.
*179 The clause shifts principal beneficiaries. On this subject, the Louisiana Trust Code provides:
LSA-R.S. 9:1971: "The interest of a principal beneficiary is acquired immediately upon the creation of a trust, subject to the exceptions provided in this Code.”
LSA-R.S. 9:1972: “Upon a principal beneficiary’s death, his interest vests in his heirs or legatees, subject to the trust, except as to class trusts.”
As noted in the official comments,[5] these sections prohibit shifting interests in principal, except as to class trusts and principal invasion. Upon the creation of a trust, the interest of a principal beneficiary is acquired immediately. At the beneficiary’s death, his interest vests in his heirs or legatees subject to the trust.
The alternation of principal beneficiaries in the will clearly violates these codal provisions. Hence, the alternate beneficiary clause is illegal.
More difficult is the question of whether the illegal clause nullifies the entire trust. Here again, LSA-R.S. 9:1724 enjoins us to look first to the Louisiana Trust Code for the solution.
LSA-R.S. 9:2251 stipulates:
“If a provision in the trust instrument is invalid for any reason, the intended trust does not fail, unless the invalid provision cannot be separated from the-other provisions without defeating the purpose of the trust.”
The opponents of the will contend that section 2251 is inapplicable because the invalid beneficiary provision forms no part, of the trusts. They also contend, under Article 1520 of the Louisiana Civil Code,, that the alternate beneficiary provision is a prohibited substitution as to which a severance is never justified. Alternatively,, they assert- a severance would defeat the purpose of the testatrix and amount to a rewriting of the will.
The proponents assert that, as evidenced by the testamentary language, the dominant intent of the testatrix was to provide trust benefits for her favorite nephews, Thomas Crichton, III, and John Hayes Crichton; that the, shift of principal is conditional only and depends upon the state of affairs at the termination of the trust; and that the alternate beneficiary provision can be severed from the other provisions without defeating the purpose of the trust.
*181 I disagree with opponents as to the applicability of Section 2251. By its terms, the section applies to any invalid provision “in the trust instrument.” Section 1725(8) defines trust instrument as the written document creating the trust and all amendments and modifications. In the present case, the trust instrument is the written will creating the trust. Clearly, the illegal provision is in the trust instrument. Hence, Section 2251 applies.
As I have observed, the will creates two trusts, one for each of the two nephews. Their father is named trustee with broad powers.[6] Both nephews survived the testatrix, both accepted the bequest, and the probate judgment has sent the trustee into possession of the trust property subject to the terms of the trusts.
As written by the testatrix, the illegal clause appears on the second page of the will. It directs the trustee at the termination of the trust to deliver both income and principal to alternate beneficiaries, but only if one or both of the first beneficiaries, Thomas Crichton, III, or John Hayes Crichton, “be not living when this,, trust is terminated.”
The proponents assert that the directions to the trustee as to alternate beneficiaries rest upon an impossible condition: the death of the first named beneficiary before the trust is terminated. This event cannot occur, they contend, because LSA-R.S. :- 1833 now provides that a trust, such as those in this proceeding, without a fixed term ends upon the death of the natural-person income beneficiary.[7] Thus, should either of the two nephews die, his trust ends at the same time. This contention has merit, and the trusts should be maintained on the theory that the alternate beneficiaries can never succeed to the trust assets.
Assuming, however, that I am in error in construing the alternate beneficiary clause as an impossible condition, another valid ground exists to uphold the trust. I refer to severance of the illegal clause.
The directions to the trustee are conditional, that is, they depend upon the death of the original beneficiaries. They pertain only to the future: the time of termination. They deal only with residual principal and income. The alternate beneficiary is to receive such principal and income *183 free of the trust, because the trust no longer exists.
The words of the testatrix, in our opinion, demonstrate that the two nephews were the chief subjects of her favor. She named them as the sole beneficiaries during the existence of the trusts and fixed no duration. Only in the event of the prior deaths of both nephews and all of their children are other relatives called to share in the final distribution at the termination of the trusts.
To nullify the entire will would undoubtedly thwart her dominant purpose, that of providing benefits for the two nephews. The alternate beneficiary clause, looking only to an uncertain future, can be severed without great violence to the trusts.
I recognize that a severance in the present case, as in all cases of testamentary trusts, will alter to a limited extent the testatrix’s last will. Section 2251, however, makes no distinction between trust instruments. It applies equally to all trusts, whether inter vivos or testamentary. Hence, I would sever the alternate beneficiary clause and maintain the will and the trusts.
The majority holds the will contains a prohibited substitution and, from that holding, postulates that Article 1520, LSA-C.C.[8] nullifies the entire will, rendering Section 2251 of the Louisiana Trust Code inapplicable. Such a holding is faulty in two respects.
First, the majority overlooks LSA-R.S. 9:1724, a provision conspicuously absent from the Trust Estates Law of 1938. The Louisiana Trust Code added this provision to limit the intrusion of other laws into the trust field. Section 1724 authorizes resort to the Civil Code and other laws only when the Louisiana Trust Code is silent. As I have noted, however, the Trust Code speaks on severance. Hence, Article 1520 of the Civil Code may not be interposed to defeat it. The question of severance should be resolved within the framework of the Louisiana Trust Code.
Second, in my opinion, the present will contains no prohibited substitution. In its Report to the Legislature accompanying the Louisiana Trust Code (3A LSA XXXIX), the Louisiana State Law Institute described the features of the prohibited substitution as follows:
(1) A double liberality, or a double disposition in full ownership, of the same thing to persons called to receive it, one after the other;
(2) Charge to preserve and transmit, imposed on the first beneficiary for the benefit of the second beneficiary;
*185 (3) Establishment of a successive order that causes the substituted property to leave the inheritance of the burdened beneficiary and enter into the patrimony of the substituted beneficiary.”
The present trusts do not fulfill these requirements. The trustee is no beneficiary. He is a fiduciary, without full ownership of principal and income. He administers the property, not for himself but for another. Hence, there is no double disposition in full ownership, wherein the first beneficiary is required to preserve and transmit the property to a second beneficiary. See LSA-C.C. Art. 1520; Succession of Thilborger, 234 La. 810, 101 So.2d 678; Succession of Fertel, 208 La. 614, 23 So.2d 234; Tucker, Substitutions, 24 La.L. Rev. 439, 490-491.
In a scholarly article entitled Substitutions, Fidei Commissa and Trusts in Louisiana Law: A semantical Reappraisal, 24 La.L.Rev. 439, John H. Tucker, Jr., an eminent civil law authority, has conclusively demonstrated that trusts like those in contest here are not prohibited substitutions. His conclusions are in accord with settled French doctrine and jurisprudence. See authorities cited by Tucker, 24 La.L.Rev. 439, 476-495.
In nullifying the will in the present case, the majority defeats entirely the testamentary purpose of the testatrix. Such a harsh result can be avoided by applying the provisions of the Louisiana Trust Code. I would do so.
For the reasons assigned, I respectfully dissent.
HAMLIN, J., concurs.
Rehearing denied.
HAMLIN and SANDERS, JJ., are of the opinion a rehearing should be granted.

. Act No. 5 of 1959 (Schedule 50).

. Art. IV, Sect. 16.

. Act No. 45 of 1962.

. See also LSA-R.S. 9:1737: “A trust containing a substitution authorized by this code is valid.”

. LSA-R.S. 9 :1971, Comment (C) : “Although under this Code interests that are the approximate fcquivalent of the Anglo-American shifting interest are permitted in income, such interests are not permitted in principal except as to class trusts and invasion of principal. Secs. 1891-1906, 1961-1965, 2067, and 2068; Restatement of Property, Sees. 153-158.”

. “to sell, mortgage, or lease all property, and otherwise manage all trust property with the same control and freedom as though Trustee owned said property personally.”

. At the time the testatrix wrote the will, the term of the trust could extend beyond the death of the beneficiary, because the minimum term was ten years from the death of the settlor. R.S. 9:1794, Trust Estates Act of 1938, as amended.

. Article 1520, LSA-C.C. provides that the disposition is “null, even with regard to the donee, the instituted heir or the legatee.”